IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:09-1046-5 |
| | § | |
| JORGE LUIS GOMEZ-ROSALES, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Jorge Luis Gomez-Rosales filed a Motion for Nunc Pro Tunc in which he seeks a reduction in his sentence. D.E. 332.

**Summary of Facts and Proceedings**

Gomez-Rosales was charged with one count of conspiracy to transport unlawful aliens in the United States, which caused serious bodily injury to and placed in jeopardy the lives of other persons, and twelve counts of aiding and abetting his co-defendants. The conspiracy was uncovered when Border Patrol agents attempted to stop a suspected smuggling vehicle in November 2009. That vehicle fled, drove off the highway into a field, through a fence, and ultimately over a 45 foot cliff. The 17 passengers were ejected and nearly all were injured, some seriously. Gomez-Rosales was the brush guide for this group.

Gomez-Rosales entered into a plea agreement with the Government in which he waived his right to appeal or to file a motion pursuant to 28 U.S.C. § 2255. He was sentenced to 114 months' imprisonment, 3 years' supervised release, $33,860.55 in restitution to be paid jointly and severally with other co-defendants ordered to pay restitution, and a special assessment of $100. Judgment was entered January 24, 2011. Gomez-Rosales appealed, but the Fifth Circuit dismissed the appeal pursuant to his waiver.

Gomez-Rosales filed a motion to vacate pursuant to 28 U.S.C. § 2255 in 2012[1] in which he raised complaints that his counsel provided ineffective assistance based upon counsel's: (1) advice to plead guilty, (2) failure to advise him of enhancements that led to his 114-month sentence, (3) failure to seek a downward departure for minor role, (4) failure to object to violation of his due process right to avoid disparate sentences, and (5) failure to move for fast track departure downward, which resulted in his sentence disparity with others. D.E. 322. This Court enforced his waiver and denied the motion by written order and final judgment dated November 26, 2012. D.E. 323, 324.

## Nunc Pro Tunc

According to the title of his motion, Gomez-Rosales seeks judgment nunc pro tunc. "Literally translated, the Latin phrase 'nunc pro tunc' means 'now for then.' Orders may be entered nunc pro tunc to the end that the record accurately reflect what was actually done on a previous date . . ." *United States v. Hitchmon*, 587 F.2d 1357, 1360 (5th Cir. 1979). A claim of substantive error cannot be made by a motion for nunc pro tunc order or under the provision for nunc pro tunc corrections set forth in Rule 36. *United States v. Mendoza*, 418 Fed. App'x. 364, 365 (5th Cir. Mar. 17, 2011) (per curiam) (designated unpublished). Because a judgment nunc pro tunc corrects a judgment that was entered due to a clerical error, Federal Rule of Criminal Procedure 36 provides only limited authority for the Court to change its judgment. *United States v. Steen*, 55 F.3d 1022, 1025-26 n. 3 (5th Cir.1995) (clerical error under Rule 36 is limited to "'mindless and mechanistic mistakes'" and "'minor shifting of facts'"). When a defendant fails to demonstrate the required clerical error or oversight, he is not entitled to relief under Rule 36. *United States v. Slanina*, 359 F.3d 356, 357-58 (5th Cir. 2004).

---

[1] The motion was filed in this case and in Cause No. 2:12-CV-270.

Because Gomez-Rosales does not argue that his judgment was a result of clerical error, judgment nunc pro tunc is not available. As a general proposition, review of the merits of a federal prisoner's claim is not circumscribed by the label attached. *Andrews v. United States*, 373 U.S. 334, 337 (1963). Because the essence of the pleading controls, the title may be ignored. *See United States v. Hay*, 702 F.2d 572 (5th Cir. 1983). Therefore, the Court will seek to determine the relief Gomez-Rosales actually seeks.

## Grounds for Relief

Gomez-Rosales claims that his sentence should be reduced because: (1) disparities exist between aliens and citizens regarding prison security levels and opportunities for early release, (2) his prompt removal from the United States will benefit tax payers, 3) he has shown extraordinary post-sentencing efforts to rehabilitate himself, and (4) fast-track downward departure should have been available to him. Each of these arguments is appropriate, if at all, pursuant to 28 U.S.C. § 2255.

## Second or Successive § 2255 Motion

Gomez-Rosales' claims and the facts underlying them (except for those relating to his post-sentencing rehabilitation) were available to him at the time he filed his previous motion to vacate, set-aside or correct judgment in 2012, and some were raised both on appeal and in his previous motion.

Because Gomez-Rosales' present motion was filed after a previous § 2255 motion, his current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

3

>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Gomez-Rosales' motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Gomez-Rosales' motion to reduce sentence (D.E. 332) is **DISMISSED** as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gomez-Rosales has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Gomez-Rosales cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## Conclusion

For the foregoing reasons, Gomez-Rosales' motion (D.E. 332) is **DISMISSED** as second or successive, additionally, he is **DENIED** a Certificate of Appealability. The Clerk is instructed to also open a civil case and docket Gomez-Rosales' motion (D.E. 332), this Memorandum Opinion & Order, as well as the Final Judgment.

It is so **ORDERED.**

**SIGNED** on this 10th day of August, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE